IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR330** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MONTRELLIS L. CANNON,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 26). The government has adopted the PSR (Filing No. 27). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the drug quantity described in ¶ 16 of the PSR, which is 116 grams of cocaine base. The plea agreement includes a stipulation that "the Defendant should be held responsible beyond a reasonable doubt for at least 50 grams but less than 150 grams of cocaine base, resulting in a base offense level of 30." (Filing No. 17, ¶ 6(a).) Because the Defendant's objection is contrary to the stipulation and, if granted, would not result in a change in the sentencing guideline calculation, the objection is denied.

The Defendant also objects to information in ¶ 47, specifically regarding his alleged gang membership. The objection was apparently not raised initially to the probation officer. The objection does not relate to the guideline calculation and is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 26) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of February, 2008.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge